Filed 5/23/24  P. v. Adame CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081809 |
| v. | (Super.Ct.No. FWV22004595) |
| DOMINIC ALEXANDER ADAME, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Kyle S. Brodie, Judge.  Affirmed.

Reed Web, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Steve Oetting and Evan Stele, Deputy Attorneys General, for Plaintiff and Respondent.

1

Dominic Adame appeals from a judgment of conviction after a jury found him guilty of receiving a stolen vehicle under Penal Code section 496d and driving a vehicle without consent under Vehicle Code section 10851, subdivision (a). (Unlabeled statutory citations refer to the Penal Code.) We appointed counsel to represent Adame on appeal, and counsel filed an opening brief that raised no issues and requested independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm.

BACKGROUND

According to testimony at trial, police officers responded to a call in a large retail parking lot in front of a department store that had been closed for years. When the officers arrived, they approached Adame, who was sitting alone in the driver's seat of a white van that was parked with the engine running. The van was branded on both sides with the Corona-Norco school district logo and the identification number M55. One officer asked Adame to turn the vehicle off, but he was unable to do so.

Eventually, one officer recognized that the van's ignition had been "punched." She arrested Adame and searched the van and a black backpack that was inside van, and they did not find the van's keys. In the backpack, they found a screwdriver and pliers, which could sometimes be used to punch an ignition. After about 40 minutes, one officer was able to use the pliers from the backpack to turn off the van's engine.

The San Bernardino County District Attorney filed an information charging Adame with receiving a stolen vehicle under section 496d and driving or taking a vehicle without consent under Vehicle Code section 10851, subdivision (a). The information

also alleged that under section 666.5, Adame had five prior convictions under Vehicle Code section 10851, subdivision (a), and that there were eight separate circumstances in aggravation.

At trial, a field supervisor of operations for the Corona-Norco school district testified that his department has about 100 vehicles and that the van Adame was in when approached by officers was one of those vehicles. He testified that each vehicle is given an identification number and assigned to a specific employee, and only that employee would have access to it. He confirmed that the school district has never employed Adame.

A jury found Adame guilty on both counts. Adame admitted his prior convictions, and the trial court sentenced him to a total of four years in county jail. On the count for driving a vehicle without consent, the court imposed the upper term of four years but suspended the final six months, ordering that Adame be placed on mandatory supervision for that period. On the count for receiving stolen property, the court imposed the upper term of three years but stayed the sentence under section 654. The court awarded Adame 218 days of actual custody credit and 218 days of conduct credit for a total of 436 days of custody credit.

## DISCUSSION

Adame's appellate counsel filed a *Wende* brief identifying no arguable issues. Counsel asked that we conduct an independent review of the record. We advised Adame that he had 30 days to file a personal supplemental brief, and we received no response.

We have independently reviewed the record and found no arguable error that would result in a judgment more favorable to Adame.[1] (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Accordingly, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ

J.

We concur:

MILLER

ACTING P. J.

FIELDS

J.

---

[1] When reviewing the record, we identified one potential error regarding the calculation of Adame's custody credits: The probation report states that Adame had been in custody for 205 days as of July 14, 2023, but when Adame was sentenced 14 days later on July 28, 2023, the court awarded him 218 days of actual custody credit. "'The failure to award an adequate amount of credits is a jurisdictional error which may be raised at any time.'" (*People v. Cardenas* (2015) 239 Cal.App.4th 220, 235.) But we lack jurisdiction to address that potential error, because Adame must first seek relief in the trial court. (§ 1237.1)